# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-699-DCK

| | |
|---|---|
| **BRITTANY REID,** | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) |
| **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 16) and "Defendant's Motion For Summary Judgment" (Document No. 18). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" be granted; that Defendant's "Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated and remanded for further consideration.

## I. BACKGROUND

Plaintiff Brittany Reid ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") on or about December 7, 2018, under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, both alleging an inability to work due to a disabling condition beginning December 22, 2009. (Transcript of the Record of Proceedings ("Tr.") 15, 256). The Commissioner of Social Security

(the "Commissioner" or "Defendant") denied Plaintiff's application initially on August 1, 2019, and again after reconsideration on September 3, 2019. (Tr. 15, 162, 170, 174, 178, 183). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you are disabled because of irritable bowel syndrome, panic disorder, adjustment disorder and post traumatic stress disorder.
> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 170).

Plaintiff filed a timely written request for a hearing on September 18, 2019. (Tr. 15, 188). On May 14, 2020, Plaintiff appeared and testified at a telephone hearing before Administrative Law Judge Clinton C. Hicks (the "ALJ"). (Tr. 15, 31-59). In addition, Lauren Calderon, a vocational expert ("VE"), and Daniel A. Bridgman, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on June 3, 2020, denying Plaintiff's claim. (Tr. 12-14, 15-24). On June 22, 2020, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on October 19, 2020. (Tr. 1, 249). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on December 16, 2020. (Document No. 1). The parties consented to Magistrate Judge

jurisdiction on July 2, 2021, and this case was reassigned to the undersigned as presiding judge. (Document No. 13).

Plaintiff's "Motion For Summary Judgment" (Document No. 16) and "Plaintiff's Memorandum In Support Of Summary Judgment" (Document No. 17) were filed August 20, 2021; and "Defendant's Motion For Summary Judgment" (Document No. 18) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 19) were filed October 26, 2021. "Plaintiff's Response…" (Document No. 22 was filed on November 9, 2021.

On September 21, 2022, the Court issued an Order directing Plaintiff to file a supplemental brief in support of her alleged Constitutional error, or a notice of withdrawal of that argument. (Document No. 23). Plaintiff promptly filed a "Notice Of Withdrawal" (Document No. 24), withdrawing her Constitutional challenge under Seila Law LLC v. CFPB, 140 S.Ct. 2183 (2020).

The pending motions are now ripe for review and disposition.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than

create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between December 22, 2009, and the date of the ALJ decision.[1] (Tr. 16, 25). The ALJ noted that Plaintiff had "acquired sufficient quarters of coverage to remain insured through December 31, 2021." (Tr. 15, 17). To establish entitlement to benefits, Plaintiff has the burden of proving disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 24-25).

First, the ALJ determined that Plaintiff had not engaged in any substantial activity since December 22, 2009, the alleged disability onset date. (Tr. 17). At the second step, the ALJ found "irritable bowel syndrome (IBS); status post gunshot wound to abdomen; posttraumatic stress disorder (PTSD); adjustment disorder with depressed mood; and panic disorder with

agoraphobia" were severe impairments.[2] (Tr. 18). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 18-20).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work, with the following limitations:

> no climbing ropes, ladders, or scaffolds; occasional climbing of ramps and stairs; frequent balancing, kneeling, stooping, and crouching; occasional crawling; should avoid concentrated exposure to temperature extremes of cold and heat; should avoid concentrated exposure to vibration; **should have ready access to a restroom**; no crisis situations; no complex decision-making; no constant change in routine; occasional interaction with the public; frequent interaction with supervisors, and coworkers; and can stay on task for two hours at a time.

(Tr. 20) (emphasis added). In making this finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529, 416.29, and SSR 16-3p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a teller, vault teller, customer service representative, and hair stylist. (Tr. 23). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 24). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a marker, a router, and a housekeeping cleaner. Id. Therefore, the ALJ concluded that

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between December 22, 2009, and the date of his decision, June 3, 2020. (Tr. 25).

**Appeal of ALJ Decision**

On appeal to this Court, Plaintiff alleges the ALJ erred by "failing to make findings regarding the frequency and duration of Plaintiff's need to use the restroom." (Document No. 17, pp. 3-7). In addition, Plaintiff alleged that the structure of the Social Security Administration ("SSA") is not Constitutionally valid, and therefore, the ALJ's decision must be vacated because he did not have authority to decide the case. (Tr. 8-9). As noted above, Plaintiff has since withdrawn her Constitutional argument. See (Document No. 24).

It appears to be undisputed that Plaintiff suffered a gunshot wound in the abdomen in 2009, which required surgical repairs of her intestines and bladder, and which led to and/or contributes to her irritable bowel syndrome ("IBS"). (Tr. 18, 20-21); (Document No. 17, pp. 4-5; Document No. 19, p. 7; Document No. 22, pp. 1-2). Moreover, the ALJ found Plaintiff's IBS to be a severe impairment and provided a limitation in the RFC that she "should have ready access to a restroom." (Tr. 18, 20).

In her only remaining assignment of error, Plaintiff argues that "the ALJ should make specific findings concerning the frequency and duration of Plaintiff's bathroom usage." (Document No. 17, p. 4) (quoting Summey v. Berryhill, 2018 WL 708355, at *3 (M.D.N.C. Feb. 5, 2018)). Plaintiff notes that she testified that she is typically "having to go 5 to 10 times" per day. Id. (citing Tr. 42). Plaintiff further notes that the VE testified that if Plaintiff "'needed five to ten unscheduled or unpredictable restroom breaks each day' it would preclude all work activity." Id. (quoting Tr. 55).

Plaintiff then quotes a recent decision by the Fourth Circuit that addresses this issue:

7

> Obviously, the need to visit the bathroom many times throughout the day impacts one's ability to work. And yet, the ALJ did not analyze Appellant's need for regular bathroom breaks. Instead, the ALJ simply noted that Appellant "accommodate[d] her drainage and accidents by using pads." J.A. 16. That finding misses the point. Pads may keep Appellant's clothes clean and help reduce the potential for embarrassing accidents. However, they do not save Appellant any trips to the bathroom, since the pads need to be changed once they are soiled. **On remand, the ALJ should evaluate the frequency at which Appellant needed to use the bathroom and analyze how that restriction impacted her ability to work**.

(Document No. 17, p. 5) (quoting Dowling v. Comm'r of Soc. Sec., 986 F.3d 377, 389 (4th Cir. 2021) (emphasis added).

Plaintiff argues that "the ALJ's lack of analysis and findings regarding Ms. Reid's frequency and duration of restroom breaks during the day was harmful." (Document No. 17, p. 7) (citing Tr. 42, 55). Plaintiff contends that the ALJ's finding that she have "ready access to a restroom" is insufficient, and that "this case must be remanded for further proceedings for a proper analysis of the frequency and duration of Ms. Reid's restroom breaks during a workday." Id.

In response, Defendant argues that the medical records do not establish Plaintiff's need for frequent and/or long periods of use of a restroom. (Document No. 19, pp. 4-5). And, Defendant argues that Plaintiff's statements do not establish a need for frequent and/or long use of the restroom. (Document No. 19, p. 6). According to Defendant, the ALJ considered Plaintiff's testimony and the record, and determined that "the intensity and persistence of her symptoms could not be taken at face value because they were inconsistent with the medical and other evidence." (Document No. 19, p. 7) (citing Tr. 21).

In reply, Plaintiff argues that:

> [t]he issue here is whether the ALJ placed a limitation in his RFC for Ms. Reid which is impermissibly vague, and as Plaintiff outlined in her opening brief, the Fourth Circuit and district courts within the

8

Case 3:20-cv-00699-DCK   Document 26   Filed 09/30/22   Page 8 of 10

> Fourth Circuit have held that this very same language lacks the requisite specificity regarding the frequency and duration of bathroom usage to be upheld. *See* Doc. 17, pp. 4-5. Tellingly, the Commissioner's attorney at no point deals with this case law in his brief which is damning to his position that the ALJ's RFC is not problematic. *See* Doc. 19, pp. 4-7.

(Document No. 22, pp. 1-2).

Plaintiff then re-asserts that the ALJ's decision is deficient because the issue "has not been adequately analyzed and limitations which are permissibly specific regarding duration and frequency of restroom breaks placed in the RFC." (Document No. 22, p. 3).

The undersigned finds that this issue presents a close call. The ALJ certainly recognized Plaintiff's IBS as a severe impairment and thoroughly discussed it during the hearing and in his decision. See (Tr. 18, 20-21, 41-43, 48-49, 50, 52-53, 55). The ALJ attempted to address the limitations caused by this impairment with an RFC including "ready access to a restroom." (Tr. 20). However, Plaintiff makes a compelling argument that relevant caselaw, including a recent Fourth Circuit decision, requires more. (Document Nos. 17 and 22) (citing Dowling v. Comm'r of Soc. Sec., 986 F.3d 377 (4th Cir. 2021)). As noted by Plaintiff, Defendant does not attempt to distinguish, or even address, the Dowling decision.

The undersigned also notes that this Court, and other courts within the Fourth Circuit, have followed Dowling under similar circumstances to this case and ordered remand. These include decisions by the Honorable Graham C. Mullen and the Honorable J. Michelle Childs. See Bartley v. Kijakazi, 3:21-CV-401-GCM, 2022 WL 1416425 (W.D.N.C. May 4, 2022) and Sherbert v. Kijakazi, 2021 WL 3828827 (D.S.C. Aug. 27, 2021); see also Sims v. Kijakazi, 2021 WL 4026070 (D.S.C. Sept. 3, 2021); Holbert v. Kijakazi, 2022 WL 3718617 (D.S.C. Aug. 3, 2022).

In short, the undersigned finds that this case should be remanded for further consideration by an ALJ consistent with the foregoing caselaw. The ALJ here may ultimately be correct that

9

there are occupations in significant numbers that Plaintiff could perform; however, further analysis and explanation is necessary.

## IV. CONCLUSION

The undersigned finds that there is *not* "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will direct that the Commissioner's decision be vacated.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Summary Judgment" (Document No. 16) is **GRANTED with modification**; "Defendant's Motion For Summary Judgment" (Document No. 18) is **DENIED**; and the Commissioner's determination is **VACATED** and **REMANDED** for further consideration.

**SO ORDERED**.

Signed: September 30, 2022

David C. Keesler
United States Magistrate Judge